**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LISA D. PRETZER,**

        **Plaintiff,**        **CIVIL ACTION NO. 14-cv-10449**

   **vs.**

                        **DISTRICT JUDGE MATTHEW F. LEITMAN**

**COMMISSIONER OF**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Lisa Pretzer seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 16). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION:**

The Court recommends that Plaintiff's Motion for Summary Judgment (docket no. 14) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 16) be GRANTED.

**II.    PROCEDURAL HISTORY:**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits with protective filing dates of August 25, 2010, alleging that she had been disabled since January 8, 2010, due to a broken ankle, back pain, obesity, depression, and anxiety. (*See* docket no. 14; TR 12, 14.)  The Social Security Administration denied benefits.  (*See* TR 12.) Plaintiff requested a *de novo* hearing, which was held on September 5, 2012, before Administrative Law Judge (ALJ) Joy Turner, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy.  (TR 12-23.)  The Appeals Council declined to review the ALJ's decision (TR 1), and Plaintiff commenced this action for judicial review.  The parties then filed their instant Motions.

## III.   PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT TESTIMONY

### A.   Plaintiff's Testimony and Medical Record

On January 8, 2010, Plaintiff slipped on some ice on her front porch and injured her ankle, which she re-injured on January 19, 2010, ultimately resulting in a fractured ankle.  (*See* docket no. 14 at 3-4.)  Plaintiff (docket no. 14 at 3-7), Defendant (docket no. 16 at 5-10), and the ALJ (TR 17-21) each set out a factual background related to Plaintiff's medical record and her hearing testimony. There are no inconsistencies between the three accounts; thus, the undersigned will incorporate these factual recitations by reference.  Nevertheless, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### B.   The Vocational Expert

The ALJ asked the VE summarize Plaintiff's past relevant work experience and then asked the VE to assume the following with regard to a hypothetical individual:

2

> . . . [the individual] is limited to sedentary work, except this individual could lift up to ten pounds total. This individual could occasionally climb stairs and ramps, but never climb ladders, ropes and scaffolds. This person could occasionally balance, stoop, kneel, crawl and crouch. This individual could not operate foot controls with the left food and would need to avoid concentrated exposure to cold, wetness and should avoid work hazards of heights and machinery.

(TR 45.) The ALJ then asked the VE if such an individual could perform Plaintiff's past relevant work; the VE testified that she could not. (TR 45.) The VE then testified that such an individual could perform work as an information clerk, an assembler, or a packer. (TR 46.)

Next, the ALJ asked the VE to assume that this same individual was "limited to repetitive three step tasks with limited contact with coworkers and supervisors, no contact with the public." (TR 46.) The VE testified that such an individual could still perform work as an assembler or a packager. (TR 46.) The VE further testified that an individual could also perform work as an assembler or a packager if she "would have to stand up after an hour, momentarily at the work station, and then sit back down after five minutes." (TR 46.)

Finally, the ALJ asked the VE if someone could perform any of the jobs described if she "would miss two or more days a month due to their impairments and be off task 20 percent of the time or more due to concentration difficulties." The VE said that she could not. (TR 47.) Plaintiff's attorney did not ask the VE any additional questions.

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2013; that she had not engaged in substantial gainful activity since January 8, 2010, the date of her alleged onset; and that she had severe left ankle pain status-post open reduction internal fixation, back pain, obesity, and affective disorder. (TR 14.) The ALJ further found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 15-17.) The

3

ALJ found, however, that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff had the following RFC:

> [Plaintiff can] perform sedentary work . . . except she can lift up to 10 pounds total. She can occasionally climb ramps/stairs, never climb ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl.  She should not operate foot controls with the left foot, should avoid concentrated exposure to cold and wetness, and avoid working around hazards including heights and machinery.  She is limited simple (sic) repetitive 3-step tasks with limited contact with co-workers and supervisors and no contact with the public.

(TR 17.)  The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing a significant number of jobs in the national economy.  (TR 22-23.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from January 8, 2010, through the date of her decision.  (TR 23.)

## V.      LAW AND ANALYSIS

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In  determining  the  existence  of  substantial  evidence,  the  court  must  examine  the

administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v.*

5

*Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.    Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded because (1) the ALJ improperly weighed and improperly analyzed the medical opinions of Drs. Blum, Zaman, and Kondapaneni; and (2) the ALJ's discussion of Plaintiff's credibility is insufficient.[1]  (Docket no. 14 at 8-13.)

---

[1]Plaintiff also raises a third argument, but this argument is undeveloped. In her "Issues" section, Plaintiff asserts that the ALJ "failed to refer to Ms. Pretzer's treating physician in determining her [RFC]." (Docket no. 14 at 3.) This argument, however, appears repetitive in light of the first issue that she raises. (*See id.* at 3, 8-11.) Moreover, the third section of Plaintiff's brief alleges through its caption that "The ALJ failed to Properly Evaluate Mr. Vandergriff's Subjective Complaints of Pain and Other Symptoms." (*Id.* at 13.) Thus, this

1.      **The ALJ's Consideration of the Medical Opinions of Record**

After dedicating three pages of her brief to well-established law on this issue, Plaintiff asserts in a single paragraph that the ALJ erred in (1) giving only "partial weight" to the opinion of Dr. M. Zaman, a consultative pain specialist that Plaintiff first visited in May 2011; (2) giving "great weight" to the opinion of Dr. K. Kondapeneni, Plaintiff's treating physician for her mental impairments; and (3) giving "great weight" to the opinion of Dr. D. Blum, a state agency physician. (Docket no. 14 at 22.) Defendant contends that the ALJ properly considered all of the medical opinions of record. (Docket no. 16 at 13-18.) The undersigned agrees with Defendant.

With regard to the ALJ's consideration of Dr. Zaman's records, Defendant correctly notes that Dr. Zaman authored no opinion with regard to Plaintiff's limitations. (*See* docket no. 16 at 14-15.) The ALJ noted, likewise, that "Dr. Zaman's (sic) did not state his findings in terms of functional limitations and he did not follow up regarding his diagnosis for [possible reflex sympathetic dystrophy]." (TR 21.) Thus, there was no "medical opinion," on which the ALJ could rely. Instead, the ALJ gave "partial weight" to Dr. Zaman's findings "to the extent that the claimant had left ankle pain status post open reduction and internal fixation of the left ankle and possible reflex sympathetic dystrophy." (*Id.*) Other than her general assertions, Plaintiff does not explain how the ALJ's analysis is deficient where there is no medical opinion on which to rely. Moreover, Plaintiff does not allege any additional functional limitations that she believes the ALJ should have included based on Dr. Zaman's records.

With regard to Dr. Kondapeneni's opinion, the ALJ noted that Dr. Kondapeneni found that Plaintiff was "progressively improving" with regard to her social limitations. Thus, he gave "great

---

section appears to be copied from another brief.

7

weight" to Plaintiff's treating physician in this regard.  (TR 21.)  Nevertheless, Plaintiff challenges

the ALJ's discussion of this opinion because Mr. Lorden (a physician's assistant in Dr.

Kondapaneni's office) believed that Plaintiff's mental health was "progressively deteriorating." (*See*

docket no. 14 at 11 (arguing that "Dr. Kondapaneni's office" reported that her condition was

deteriorating).)  Plaintiff argues that the ALJ did not consider this evidence, but there is no

requirement that the ALJ discuss every piece of evidence in the administrative record. *Kornecky v.*

*Comm'r*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) (citation omitted).  Moreover, the ALJ  has the

duty to resolve a conflict in opinion between Plaintiff's treating physician and one of the physician's

assistants.  *See Mullins v. Sec'y of Health & Human Servs.*, 836 F.2d 980, 984 (6th Cir. 1987).

Thus, the ALJ's determination in this regard should not be disturbed.

Finally, with regard to Dr. Blum's opinion, Plaintiff contents, without elaborating, that the

ALJ failed when she gave "great weight" to the opinion of a state agency physician who did not

conduct a physical examination of Plaintiff.  (Docket no. 14 at 11.)  Plaintiff, however, provides no

insight with regard to which of her treating physician's opinions conflicted with Dr. Blum's opinions

or what additional limitations should have been included in her RFC.  Thus, Plaintiff's argument

fails.

## 2.  The ALJ's Credibility Determination

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight

and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor

and credibility." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir. 1997).  But credibility

assessments are not insulated from judicial review.  Despite the deference that is due, such a

determination must nevertheless be supported by substantial evidence.  *Id.*  An ALJ's credibility

determination must contain "specific reasons . . . supported by the evidence in the case record, and

8

must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not enough to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "The adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *See id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ failed in her analysis of Plaintiff's credibility because (1) the ALJ failed to consider Mr. Lorden's opinion that Plaintiff's mental status was "progressively deteriorating," and (2) the ALJ "failed to set forth 'explicit and adequate reasons" for her decision. (TR 11-13.) Plaintiff's argument is unpersuasive.

In reaching his determination, the ALJ considered Plaintiff's subjective complaints and found that they were unsupported by the evidence or record. Specifically, the ALJ noted the

following:

- there was no medical evidence to support her allegations with regard to the severity of her ankle injury (TR 18);

- Plaintiff's surgical follow-up showed good progress (TR 18);

- she treated her additional ankle pain with over-the-counter medications (TR 18);

- one of her doctors (Dr. A. Cohen) recommend a conservative treatment approach (TR 18);

- the objective medical evidence did not support her claims of back pain or her assertion that she needed to lay down for 8 hours per day (TR 19);

- Plaintiff did not seek psychiatric consultation for any mental impairments until after her alleged onset, despite her assertion that she had a history of severe mental impairments since age 14 (TR 19);

- Dr. Kondapeneni found that her depression and anxiety were "progressively improving" (TR 19);

- in April 2011, "an orthopedic specialist indicated that there was good reduction of [her ankle fractures] and the fixation remained in place" (TR 19);

- Plaintiff's overall treatment had been relatively conservative (TR 20);

- Plaintiff's lifestyle was "not consistent with that of a disabled person or believes (sic) her condition is life threatening" (TR 20);

- Plaintiff was capable of taking care of her personal hygiene, doing household chores, preparing simple meals, and watching television, despite her allegations (TR 21); and

- Plaintiff maintained interpersonal relationships, drove a car, was able to read, write, and complete her disability paperwork with no difficulty (TR 21).

In sum, while Plaintiff points to the statement of Mr. Lorden in support of her argument, the ALJ

10

relied on substantial evidence in reaching her determination.  Her rationale is supported by the evidence in the case record and is sufficiently specific to make clear to Plaintiff and the Court the weight she gave to Plaintiff's statements and the reasons for that weight.  Therefore, Plaintiff's Motion should be denied.

## VI.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 14) should be DENIED and Defendant's Motion for Summary Judgment (docket no. 16) should be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.

Dated: February 23, 2015            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### **PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Counsel
of Record on this date.

Dated: February 23, 2015            s/ Lisa C. Bartlett
                                    Case Manager