UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA D. PRETZER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 14-cv-10449
Hon. Matthew F. Leitman

## ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF #18); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #17); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #16); AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #14)

This matter is before the Court on the objection by Plaintiff Lisa D. Pretzer ("Pretzer") to Magistrate Judge Mona K. Majzoub's February 23, 2015, Report and Recommendation. The Court now **OVERRULES** Pretzer's objection (the "Objection," ECF #20); **ADOPTS** the Report and Recommendation (the "R&R," ECF #19); **GRANTS** Defendant Commissioner of Social Security's (the "Commissioner's") Motion for Summary Judgment (ECF #16); and **DENIES** Pretzer's Motion for Summary Judgment (ECF #14).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 8, 2010, Pretzer slipped on ice in front of her home, injuring her left ankle. (*See* ECF #5-7 at 41, Pg. ID 317.) Pretzer exacerbated her injury when she slipped again the following week. (*See id.*) Doctors diagnosed Pretzer with a fractured left ankle. (*See id.;* s*ee also id.* at 21, Pg. ID 297.) Dr. William Martin ("Dr. Martin") performed an open reduction internal fixation on Pretzer's left ankle on January 26, 2010. (*See id.* at 21, Pg. ID 297.)

Following her surgery, Pretzer filed applications for Social Security disability insurance benefits and supplemental security income. (*See* Application for Disability Insurance Benefits, ECF #5-5 at 8-10, Pg. ID 149-51; Application for Supplemental Security Income Benefits, ECF #5-15 at 2-7, Pg. ID 143-48.) Pretzer alleged that she had been unable to work since January 8, 2010, due to pain in her left ankle.[1] (*See* Disability Report, ECF #5-6 at 5-12, Pg. ID 168-75.)

Pretzer testified at an in-person hearing (the "Administrative Hearing") on her applications before Administrative Law Judge Joy Turner (the "ALJ"). (*See* the Transcript, ECF #5-2 at 29-48, Pg. ID 46-65.) Pretzer asserted that she was able to stand for only 20 minutes at a time due to the pain in her ankle. (*See id.* at

---

[1] At various stages in these proceedings, Pretzer also alleged that she was unable to work due to other conditions, including back pain and depression. (*See, e.g.*, Pretzer's Motion for Summary Judgment, ECF #14 at 5-6, Pg. ID 492-93.) However, Pretzer's ankle injury is the only grounds on which she now challenges the Commissioner's denial of benefits. (*See* the Objection.)

2

37, Pg. ID 54.) Pretzer also claimed that she could only sit for "[a]bout an hour" before she would have to "stretch [her] foot out [to] stop the tingling." (*Id.* at 38, Pg. Id 55.) Pretzer further testified that she could not lift any weight while standing, was unable to bend, and could walk for only "[a]bout half a block." (*Id.* at 37, 40; Pg. ID 54, 58.)

An impartial vocational expert, Ann Tremblay ("Tremblay"), also testified at the Administrative Hearing. The ALJ described the following hypothetical individual to Tremblay:

> [T]his individual is limited to sedentary work, except this individual could lift up to ten pounds total. This individual could occasionally climb stairs and ramps, but never climb ladders, ropes[,] and scaffolds. This person could occasionally balance, stoop, kneel, crawl[,] and crouch. This individual could not operate foot controls with the left foot and would need to avoid concentrated exposure to cold, wetness[,] and should avoid work hazards of heights and machinery.

(*Id.* at 46, Pg. ID 63.) The ALJ asked Tremblay whether this hypothetical individual could perform any work in the national economy. (*See id.* at 47, Pg. ID 64.) Tremblay responded that the individual could perform the jobs of assembler and packer. (*See id.*)

On October 1, 2012, the ALJ issued a written decision denying Pretzer's applications. (*See* the "ALJ's Decision," ECF #5-2 at 13-24, Pg. ID 30-41.) The ALJ's Decision contained a thorough discussion of Pretzer's medical history. (*See*

*id.* at 18-22, Pg. ID 35-39.) Assessing Pretzer's medical history as a whole, the ALJ acknowledged that Pretzer's medically-determinable impairments "could reasonably be expected to cause [her] alleged symptoms." (*Id.* at 22, Pg. ID 39.) The ALJ nonetheless concluded that Pretzer's testimony about the severity of her symptoms was not fully credible. (*See id.*)

The ALJ cited evidence from Pretzer's medical history that, in the ALJ's view, undermined Pretzer's claim that her ankle injury prevented her from working. In particular, the ALJ noted that at Pretzer's July 2010 appointment with Dr. Terrence Cherwin ("Dr. Cherwin"), Pretzer reported being in good general health, and Dr. Cherwin observed good movement and sensation in Pretzer's ankle. (*See id.* at 19, Pg. ID 36.) The ALJ highlighted that, in April 2011, Dr. Andrew Cohen ("Cohen") reviewed imaging of Pretzer's ankle and found "a healed bimalleolar fracture" and "good reduction of the fractures" with the "fixation remain[ing] in place." (*Id.*) The ALJ also noted that Dr. Cohen "recommended a conservative treatment approach and complete weight bearing as tolerated." (*Id.*) The ALJ further noted that in May 2011, Dr. Mohammed Zaman observed 5/5 muscle power and "no swelling or color change" in Pretzer's left ankle. (*Id.*) The ALJ "gave great weight" to the opinion of Dr. Dale Blum, a State agency physician, who reviewed Pretzer's medical records and "determined that [she] could perform a limited range of sedentary exertion work." (*Id.* at 22, Pg. ID 39.)

4

In sum, the ALJ concluded that Pretzer's medical history was "generally unremarkable" and did not "support a total functional limitation and inability to perform work activity on a sustained basis." (*Id.* at 19-20, Pg. ID 36-37.)

The ALJ then found that Pretzer had residual functional capacity ("RFC") to perform sedentary work, with certain restrictions similar to those she described in the hypothetical she posed to Tremblay at the Administrative Hearing. (*See id.* at 18, Pg. ID 35.) The ALJ reiterated that Pretzer's testimony "concerning the intensity, persistence[,] and limiting effects of [her] symptoms [was] not credible to the extent [it was] inconsistent with the … [RFC] assessment." (*Id.* at 22, Pg. ID 39.)

Next, the ALJ concluded that there were jobs in significant numbers in the national economy that Pretzer could perform. (*See id.* at 23, Pg. ID 40.) The ALJ cited Tremblay's testimony that a person with Pretzer's RFC could work as an assembler or packer. (*See id.* at 23-24, Pg. ID 40-41.) The ALJ concluded that Pretzer therefore was not disabled. (*See id.* at 24, Pg. ID 41.)

On January 30, 2015, Pretzer filed this action challenging the Commissioner's denial of benefits. (*See* Complaint, ECF #1.) The parties then filed cross-motions for summary judgment. (*See* Pretzer's Motion, ECF #14; Commissioner's Motion, ECF #16.) As relevant here, Pretzer argued in her motion

5

that the ALJ's assessment of her credibility was not based on substantial evidence. (*See* Pretzer's Motion at 11-13, Pg. ID 498-500.)

The Magistrate Judge rejected Pretzer's credibility argument in the R&R. (*See* R&R at 8-11, Pg. ID 534-37.) Specifically, the Magistrate Judge asserted that "the ALJ considered [Pretzer's] subjective complaints and found that they were unsupported by the evidence or record." (*Id.* at 9, Pg. ID 535.) The Magistrate Judge pointed out that the ALJ discounted Pretzer's testimony because, among other things, (1) there was "no evidence to support [Pretzer's] allegations with regard to the severity of her ankle injury"; (2) Pretzer's surgical follow-up "showed good progress"; (3) Dr. Cohen "recommended a conservative treatment approach"; (4) Pretzer treated her ankle pain with over-the-counter medications; and (5) Pretzer's lifestyle was "not consistent with that of a disabled person." (*Id.* at 10, Pg. ID 536.) The Magistrate Judge "conducted an independent review of [Pretzer's] medical record" and determined that the ALJ's "rationale [was] supported by the evidence in the case record." (*See id.* at 2, 11; Pg. ID 528, 537.) Accordingly, the Magistrate Judge recommended that this Court affirm the ALJ's Decision. (*See id.* at 11, Pg. ID 537.)

Pretzer then filed her Objection to the R&R. (*See* Objection.) Pretzer objects on only one ground: that the R&R "fails to take into consideration all available information pertaining to [her ankle injury] and … is inaccurate." (*Id.* at

6

2, Pg. ID 540.) Pretzer argues that the Magistrate Judge erroneously concluded that "there is no medical evidence to support [Pretzer's] allegations regarding the severity of her ankle injury." (*Id.* at 1, Pg. ID 539.)

## GOVERNING LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *see also Lyons v. Comm'r*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). "In conducting a *de novo* review, the district court is not constrained by the parties' objections" – rather, the Court may review the Report and Recommendation in its entirety. *See Childrey v. Chater*, 91 F.3d 143 at n. 1 (6th Cir. 1996) (table opinion) (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the

reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

## ANALYSIS

As an initial matter, the Court notes that Pretzer's Objection is grounded on a mischaracterization of the R&R. Pretzer objects to the Magistrate Judge's "state[ment] that there is no medical evidence to support [Pretzer's] allegations regarding the severity of her ankle injury." (Objection at 1, Pg. ID 539.) But the Magistrate Judge made no such statement. Rather, in evaluating Pretzer's challenge to the ALJ's credibility determination, the Magistrate Judge noted, among other things, that *the ALJ stated* that "there was no medical evidence to support [Pretzer's] allegations with regard to the severity of [Pretzer's] ankle injury." (R&R at 10, Pg. ID 536.) Pretzer incorrectly assumes that the quoted language was an affirmative finding by the Magistrate Judge. It was not. The excerpt was merely a restatement of one of the factors on which the ALJ relied in concluding that Pretzer's testimony was not fully credible. Pretzer's Objection is therefore grounded on an unfair characterization of the R&R.

As to the merits of the Objection, Pretzer has not shown that the Magistrate Judge or the ALJ failed to consider any relevant medical evidence. Pretzer insists that "there is substantial objective medical evidence supporting [her] claim of injury," and she cites portions of her medical records that, in her view, establish

her disability. (Objection at 1-2, Pg. ID 539-40.) However, the ALJ specifically acknowledged each of the medical records that Pretzer cites. The ALJ noted that:

- July 2010 imaging studies of Pretzer's ankle showed "status-post previous medial and lateral malleolar fractures, chronic trimalleolar fracture, and mild tibictalar degenerative joint disease;"

- Dr. Cherwin "recommended … treatment with anti-inflammatory medication" in July 2010;

- In March 2011, Pretzer presented to Dr. Cohen with aching, discoloration, swelling, and throbbing in her left ankle; and

- Dr. Cohen observed some tenderness and "moderate pain to palpitation" in Pretzer's left ankle and diagnosed Pretzer with "osteoarthritis of the left ankle, NOS, and reflex sympathetic dystrophy."[2]

(*See* ALJ's Decision at 19, Pg. ID 36.) The ALJ concluded that the medical evidence was "generally unremarkable" and was insufficient "to support a total functional limitation and inability to perform work activity on a sustained basis." (*See id.* at 19, 22; Pg. ID 36, 39.) Moreover, the Magistrate Judge "conducted an independent review of [Pretzer's] medical record" and concurred with the ALJ's denial of Pretzer's applications. (*See* R&R at 2, 11; Pg. ID 528, 537.) Pretzer simply has not shown that the ALJ and/or the Magistrate Judge failed to consider these portions of Pretzer's medical record.

Pretzer counters that the Magistrate Judge "makes absolutely no mention whatsoever" of Pretzer's diagnosis of reflex sympathetic dystrophy ("RSD").

---

[2] The ALJ appears to have erroneously attributed Dr. Cohen's observations to Dr. Lawrence Rubin. (*See id.*)

9

(Objection at 2, Pg. ID 540.) The ALJ found that Pretzer's RSD diagnosis did not support the severe limitations Pretzer claimed:

> Regarding her allegations of [RSD], there was no evidence of chronic burning pain, increased skin sensitivity, changes in skin temperature, color, texture, or significant decreased ability to move the affected area. Further, there was no follow-up treatment, physical therapy, or residual diagnosis for RSD.

(ALJ's Decision at 20-21, Pg. ID 37-38.) Although it is true that the Magistrate Judge did not explicitly address Pretzer's RSD diagnosis, the R&R, read in its entirety, makes clear that the Magistrate Judge believed that Pretzer's RSD diagnosis – together with her other impairments – was not sufficient to support the severe functional limitations Pretzer claimed. Moreover, even if the Magistrate Judge had not considered Pretzer's RSD diagnosis, the Court has independently evaluated Pretzer's medical records and now finds substantial evidence to support the ALJ's conclusion. The Court notes (as did the ALJ) that Pretzer has not shown that she experienced chronic burning pain and/or significant decreased ability to move her left ankle due to RSD. Moreover, Pretzer has not directed the Court to any evidence that she sought follow-up treatment or physical therapy for RSD. If RSD caused the severe limitations that Pretzer claimed, one would reasonably expect that Pretzer would have obtained additional treatment and/or therapy for RSD following her diagnosis.

10

Pretzer also argues that the Magistrate Judge "seems to discount the fact that [Pretzer] was only taking over-the-counter medications during the period of time following her surgery." (Objection at 2, Pg. ID 540.) Pretzer asserts that "[t]his was simply explained at the time of trial [sic] by the fact that [Plaintiff] had no other health insurance available to her and was limited to paying for out-of-pocket treatment." (*Id.*) However, Pretzer's use of over-the-counter medications (rather than prescription drugs) to treat her ankle pain was just one of many factors that the Magistrate Judge considered in upholding the ALJ's finding that Pretzer's testimony was not fully credible. (*See* R&R at 10, Pg. ID 536.) Even if the Court were to ignore Pretzer's use of over-the-counter medications, the Court would still find that substantial evidence supports the ALJ's conclusion that Pretzer's testimony was not fully credible. Accordingly, Pretzer's Objection lacks merit.

Finally, even if Pretzer's testimony regarding the severity of her symptoms were fully credible, Pretzer would still not be entitled to benefits. Pretzer testified that she was able to stand for only 20 minutes at a time and that she could only sit for "[a]bout an hour." (Tr. at 37-38, Pg. ID 54-55.) The ALJ did not include these limitations in Pretzer's RFC. However, at the Administrative Hearing, the ALJ asked vocational expert Tremblay whether a hypothetical individual with Pretzer's RFC could perform any work if the individual "would have to stand up after an hour, momentarily at the work station, and then sit back down after five minutes."

11

(*Id.* at 47, Pg. ID 64) Tremblay responded that the individual could still perform the jobs of assembler and packer. (*See id.*) Thus, even if the ALJ had found Pretzer's testimony fully credible and incorporated Pretzer's claimed limitations into her RFC, the evidence in the record indicates that Pretzer still would not have been disabled.

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERD THAT** the Court **OVERRULES** Pretzer's Objection (ECF #18) and **ADOPTS** the R&R (ECF #17). **IT IS FURTHER ORDERED THAT** the Commissioner's Motion for Summary Judgment (ECF #16) is **GRANTED** and Pretzer's Motion for Summary Judgment (ECF #14) is **DENIED**.

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: March 18, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2015, by electronic means and/or ordinary mail.

    s/Holly A. Monda
    Case Manager
    (313) 234-5113